UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THEODORE HEINEMANN, | CASE NO. 2:11-CV-00002-MJP |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTIONS |
| v. | |
| UNITED CONTINENTAL AIRLINES, | |
| Defendant. | |

The Court, having received and reviewed:

1. Plaintiff's Motion to Change Venue, Motion for Discovery and Motion to Suppress Evidence (Dkt. No. 13); Defendant's Response (Dkt. No 16); and Plaintiff's Reply (Dkt. No. 28)

2. Plaintiff's Motion to Dismiss Counterclaim (Dkt. No. 18) and Defendant's Response (Dkt. No. 20).

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motions are DENIED.

**Discussion**

Plaintiff initiated this suit against United Airlines based on an incident which occurred during a flight on which he was a passenger. As a result of the incident, Plaintiff was arrested when he disembarked from the plane and ultimately became the object of an arrest warrant when he failed to show in court in response to a criminal summons. The civil lawsuit was originally filed in King County Superior Court, but Defendant removed it to federal court on diversity jurisdiction grounds (28 U.S.C. §§ 1331 and 1332).

Plaintiff has filed a number of motions related to his case, and the Court will analyze them each in turn.

Motion to Change Venue

The basis for this motion appears to be that, because of Plaintiff's outstanding misdemeanor bench warrant in King County, he is reluctant to appear in federal court in Seattle and requests "that this docket in it's (*sic*) entirety be moved to a more neutral location w[h]ere all parties may defend themselves justly." Dkt. No. 13, p. 1. He believes that Cook County, Illinois (where Defendant is headquartered) would be the best location.

Plaintiff does not contest that venue is proper in this district, so the Court will treat his request as one brought pursuant to 28 U.S.C. § 1404(a), which grants district courts the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Although the Jones case lists a variety of factors to evaluate when making such a determination, the Court will not engage in a balancing of convenience factors in this instance.

Plaintiff seeks this transfer for the sole purpose of avoiding what is, as far as the Court is aware at this point, a properly-issued arrest warrant based on a failure to appear in response to a lawful summons.  It is clear from Plaintiff's pleadings that he considers the criminal charges to be based upon falsehoods and misrepresentations by Defendant's employees and the Court ventures no opinion whether that allegation is true or not.  Regardless of the truth or falsehood of the accusations against him, Plaintiff cannot resolve them by unilaterally refusing to participate in the legal process, and he most certainly cannot enlist the aid of this Court to assist him in doing so.  Transferring this civil matter to Illinois so that Plaintiff can avoid an outstanding warrant would violate every standard of justice and comity upon which our jurisprudence is founded.  The motion to transfer venue is denied.

Motion for Discovery

By this motion, Plaintiff is requesting the Court to order Defendant to provide him with the evidence identified by Defendant in its initial disclosure (flight attendant reports, misconduct reports and police records).[1]  It is evident that Plaintiff has never made this request of Defendant in accordance with the Federal Rules of Civil Procedure, and he is referred to those rules for the proper method of requesting information and documents from an opposing party.  Until he has done so, he has no grounds upon which to request the Court to compel a party to produce evidence.  His motion for discovery is therefore denied.

Motion to Suppress

The incident which forms the basis of this lawsuit primarily concerns Plaintiff's interactions with two of Defendant's flight attendants.  Plaintiff requests the Court to suppress

---

[1] In a later pleading (Dkt. No. 28), Plaintiff expands that request to include "a complete passenger list, with seat numbers, and where passengers were seated on flight 816 and up to date information as to how the plaintiff may get in touch with said passengers…" Id., p. 4.

(exclude) the testimony of two of Defendant's other employees, the pilot on the flight (Captain Burden) and the purser (Robert Brimlow). He contends that, because these two individuals were not in the aft galley at the time the altercation occurred between himself and the flight attendants, they should not be permitted to testify in this matter.

Again, it is evident that no discovery has taken place in this matter to date, and therefore Plaintiff (and the Court) have no idea what these individuals will actually testify to, and thus no basis to object to (or exclude) their testimony. Once Plaintiff has obtained interrogatory answers from Defendant regarding what Captain Burden and Mr. Brimlow will testify to, or has actually deposed these witnesses, he may object to and move to bar their testimony on whatever grounds are available to him. Until then, the Court will deny his motion to suppress.

Motion to Dismiss Counterclaim

Defendant has filed a counterclaim against Plaintiff pursuant to Washington's Anti-SLAPP statute, RCW 4.24.500-525. The statute "confers immunity from civil liability on individuals who communicate with law enforcement and authorizes an award of costs, attorney's fees, and statutory damages in favor of a party who prevails on the immunity defense." Response, p. 1.

Faced with a motion to dismiss, a complaint must be found to include "enough facts to state a claim to relief that is plausible on its face" in order to survive. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [nonclaimant] is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Plaintiff does not actually contend that the counterclaim is implausible or fails to allege sufficient facts to allow the Court to reasonably infer (assuming Defendant can prove the facts)

1  that Plaintiff is liable for a violation of the Washington Anti-SLAPP statute.  Instead, Plaintiff

2  argues that, because Defendant has removed this matter to federal court, it is barred from making

3  any claims under state law.   This is simply not the case. This Court is fully authorized to

4  adjudicate state law claims when assuming supplemental jurisdiction or when hearing a case

5  which qualifies for federal jurisdiction on diversity grounds.  *See* 28 U.S.C. §§ 1367 and 1652;

6  and Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

7       Nor is Plaintiff's other ground for dismissal – that the Montreal Convention plead by

8  Defendant is not the currently-recognized international standard – a valid argument.  The

9  Montreal Convention of 1999 is the current international treaty governing international air

10 carriage of passengers, baggage and cargo.  Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide

11 Forwarding, Inc.,    ___ F.3d ___, 2011 WL 451953 at *1-2 (9th Cir. Feb. 10, 2011).  Plaintiff's

12 motion to dismiss Defendant's counterclaim is denied.

13      **Conclusion**

14      Plaintiff's motions are either premature or simply not well-taken.  They will be denied in

15 their entirety.

16

17      The clerk is ordered to provide copies of this order to all counsel.

18      Dated May 9, 2011.

19

20

21                                                    _____
                                                      Marsha J. Pechman
22                                                    United States District Judge

23

24